**NOT FOR PUBLICATION**

```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
```

LEONARD SALESKY,               :
                               :    Civil Action No. 10-4806 (JBS)
          Petitioner,          :
                               :
     v.                        :    **OPINION**
                               :
KAREN BALICKI, et al.,         :
                               :
          Respondents.         :

**APPEARANCES:**

Petitioner pro se                Counsel for Respondents
Leonard Salesky                  Jennifer L. Bentzel
719571A 522641                   Office of the Prosecutor
S.W.S.P                          County of Burlington
215 South Burlington Road        49 Rancocas Road
Bridgeton, NJ  08302             P.O. Box 6000
                                 Mount Holly, NJ 08060-6000

**SIMANDLE**, Chief Judge

On or about September 15, 2010, Petitioner, Leonard Salesky ("Salesky"), filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The named respondents are Karen Balicki and the Attorney General of the State of New Jersey. Order to Answer (Docket entry no. 7) was issued on January 7, 2011.  Subsequently, Petitioner requested that Ground Two of the petition be stricken (Docket entry nos. 8 and 13).  Additionally, Respondents filed two motions for extension of time to file their response (Docket entry nos. 10 and 14).  This Court granted

Respondents' first request for extension of time on February 25, 2011 (Docket entry no. 11). On March 25, 2011, this Court granted Respondents' second request for extension of time, along with Salesky's request to strike Ground Two (Docket entry no. 15). Respondents answered the petition on April 21, 2011 (Docket entry no. 16) and provided a copy of the record (Docket entry nos. 17, 18, and 19). Petitioner filed a Motion for Injunctive Relief (Docket entry no. 21) and a Motion for Discovery (Docket entry no. 22) on September 13, 2011, a Motion for Extension of Time to respond (Docket entry no. 23) on October 6, 2011, his response (Docket entry no. 24) to Respondents' answer on October 31, 2011, and a Motion to Post Surety (Docket entry no. 25) on December 23, 2011.

For the reasons stated herein, the Court will deny this habeas petition and deny as moot Petitioner's four motions for relief.

## I. BACKGROUND

The relevant facts are set forth in the opinion of the Superior Court of New Jersey, Appellate Division.[1]

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

> Defendant Leonard Salesky was convicted by a jury of first-degree attempted murder, N.J.S.A. 2c:11-3a(1) and (2), second-degree aggravated assault, N.J.S.A. 2C:12-1b(1), second-degree burglary, N.J.S.A. 2C:12-3b, upon evidence that he had broken into the home of his former wife and had assaulted and attempted to strangle her. He was sentenced to a fifteen-year term, subject to an eighty-five percent parole disqualifier pursuant to the No Early Release Act (NERA), N.J.S.A. 2c:43-7.2, for the attempted murder and to a concurrent seven-year term, subject to NERA, for the burglary. The remaining convictions were merged for purposes of sentencing.

(Answer, Ex. Ra9, Opinion of Appellate Division at 1-2 (July 26, 2006)).

The Appellate Division affirmed the conviction on direct appeal by opinion decided July 26, 2006. Petitioner filed a Petition for Post-Conviction Relief (PCR) which was denied on June 5, 2008. Petitioner then appealed the denial of PCR, and the Appellate Division affirmed the denial of PCR by opinion decided December 16, 2009. Petition for certification was denied by the New Jersey Supreme Court on June 3, 2010. Petitioner filed the instant petition on or about September 14, 2010.

## II.   28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

3

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determinated by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000) (O'Connor, J., for the Court, Part II).  A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an "unreasonable application" of federal law "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context

4

where it should apply," (although the Supreme Court expressly declined to decide the latter).  Id. at 407-09.  To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable.  Id. at 409.  In determining whether the state court's application of Supreme Court precedent was objectively unreasonable, a habeas court may consider the decisions of inferior federal courts.  Matteo v. Superintendent, 171 F.3d 877, 890 (3d Cir. 1999).

The deference required by § 2254(d) applies without regard to whether the state court cites to Supreme Court or other federal caselaw, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent."  Priester v. Vaughn, 382 F.3d 394, 398 (3d Cir. 2004) (citing Early v. Packer, 537 U.S. 3 (2002); Woodford v. Visciotti, 537 U.S. 19 (2002)).

Although a petition for writ of habeas corpus may not be granted if the Petitioner has failed to exhaust his remedies in state court, a petition may be denied on the merits notwithstanding the petitioner's failure to exhaust his state court remedies.  See 28 U.S.C. § 2254(b)(2); Lambert v. Blackwell, 387 F.3d 210, 260 n.42 (3d Cir. 2004); Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003).

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle

5

v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### III. ANALYSIS

A.  Trial Court Error Claims (Grounds 1, 4, 6, 7, 8, 10)

Petitioner claims that the trial court erred with respect to jury instruction, limitation of petitioner's testimony and failure to permit testimony of two defense witnesses, admission of evidence of petitioner's prior acts, and that the cumulative effects of the trial court's rulings denied petitioner of a fair trial.

The Appellate Division reviewed and rejected Petitioner's claims regarding trial court errors.

1.  Claims related to jury charge

In his points 1, 4, and 6, Petitioner claims that the trial court erred in making the instructions to the jury, specifically that the jury charge for diminished capacity placed an unconstitutional burden of persuasion on the petitioner, that the failure to charge passion/provocation as a lesser included

6

offense, and that charge for attempted murder was in conflict with a state statute.

Generally, a jury instruction that is inconsistent with state law does not merit federal habeas relief. Where a federal habeas petitioner challenges jury instructions given in a state criminal proceeding,

> [t]he only question for us is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." It is well established that the instruction "may not be judged in artificial isolation," but must be considered in the context of the instructions as a whole and the trial record. In addition, in reviewing an ambiguous instruction ..., we inquire "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way" that violates the Constitution. And we also bear in mind our previous admonition that we "have defined the category of infractions that violate 'fundamental fairness' very narrowly." "Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation."

Estelle v. McGuire, 502 U.S. 62, 72-73 (1991) (citations omitted). Thus, the Due Process Clause is violated only where "the erroneous instructions have operated to lift the burden of proof on an essential element of an offense as defined by state law." Smith v. Horn, 120 F.3d 400, 416 (1997). See also In re Winship, 397 U.S. 358, 364 (1970) ("the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged"); Sandstrom v. Montana, 442 U.S. 510, 523 (1979) (jury instructions that suggest a jury may

convict without proving each element of a crime beyond a reasonable doubt violate the constitutional rights of the accused).

Here, the Petitioner failed to raise these issues on direct appeal, as noted in the opinion to deny Petitioner's PCR petition. (See Answer, Ex. Ra20, Decision of the Superior Court of New Jersey, Law Division, at 9 (June 5, 2008)). Petitioner then raised jury charge issues on appeal from PCR, and the Appellate Division rejected Petitioner's challenges to the jury instructions by concluding that the PCR judge properly addressed the issues and that the arguments did not warrant further discussion. (See Answer, Ex. Ra23, Opinion of Appellate Division at 19 (December 16, 2009)).

In this case, the state courts did not find any error under state law with the charges, and this Court cannot identify any error on the part of the trial court that would rise to the level of a Constitutional violation. Petitioner has not shown that his trial was so prejudiced by error with respect to certain jury charges that the principles of fundamental fairness and due process were violated. Petitioner's conviction did not violate due process and was not fundamentally unfair. As such, relief on these grounds is not warranted.

2.  Other claims

Petitioner claims in point 7 that the trial court abused its discretion in its refusal to allow the defense to reopen its case to allow Petitioner to testify and to present two witnesses. As to this issue, the Appellate Court held:

> We also find no abuse of discretion in the court's determination to limit defendant's testimony, offered as rebuttal after the testimonial phase of the trial had concluded, to the acts of domestic violence to which Anna and Phillip had testified, and to deny him the opportunity at this late stage to introduce testimony by his French customer and his girlfriend, each of whom could have been called during the course of defendant's case in chief or while rebuttal was in progress.
>
> At the conclusion of his case in chief, defendant was asked on the record whether he wished to testify on his own behalf, as was his right, and at that time, he waived the opportunity, as was also his right. (Citations omitted.) Defendant again waived any right to give testimony in rebuttal, and instead only sought to testify after testimony had been declared at an end.
>
> [ ... ]
>
> We find it within the judge's discretion to have barred this testimony, portions of which appear from the proffer to have been inadmissable as based upon hearsay. The content of the testimony as expressed in the two proffers was known to defendant at the outset, and it provided nothing that the defense could not have presented while the testimonial portion of trial was in progress. (Citations omitted.)

(Answer, Ex. Ra9, Opinion of Appellate Division at 14-16 (July 26, 2006)).

In point 8, Petitioner claims that the trial court erred, when after holding a N.J.R.E. 404(b) hearing, allowed admission of evidence regarding Petitioner's prior acts of domestic violence.

9

It is well-established that the violation of a right created by state law is not cognizable as a basis for federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" (quoting Lewis v. Jeffers, 497 U.S. 764, 680 (1990))). Accordingly, Petitioner cannot obtain relief even if an error had been made in a state law evidentiary ruling, unless the ruling rises to the level of a deprivation of due process. Estelle, 502 U.S. at 70 ("'the Due Process Clause guarantees fundamental elements of fairness in a criminal trial'") (quoting Spencer v. Texas, 385 U.S. 554, 563-64 (1967).

For a habeas petitioner to prevail on a claim that an evidentiary error amounted to a deprivation of due process, he must show that the error was so pervasive as to have denied him a fundamentally fair trial. Keller v. Larkins, 251 F.3d. 408, 413 (3d Cir. 2001). Petitioner has made no such showing here.

In fact, as to this issue, on direct appeal the Appellate Court held that the evidence was properly admitted.

> Although this evidence was undeniably prejudicial to defendant, we find that it was properly admitted by the judge following his careful review of the matters presented [...] that the evidence of prior violence was relevant to the material issue of defendant's mental state when the crimes at issue where committed, similar in kind and reasonably close in time to the incident for which defendant was being tried, clearly and convincingly proven, and of sufficient probative value not to be outweighed by its apparent prejudice.

(Answer, Ex. Ra9, Opinion of Appellate Division at 8 (July 26, 2006)).

In his last point, Petitioner claims that the aggregate amount of alleged errors by the trial court denied him a fair trial.

Even if none of Petitioner's claims on its own amounts to a constitutional violation, the "cumulative effect of the alleged errors may violate due process."  <u>Sullivan v. Cuyler</u>, 631 F.2d 14, 17 (3d Cir. 1980); <u>see</u> <u>also</u> <u>Douglas v. Hendricks</u>, 236 F. Supp.2d 412, 436 (D.N.J. 2002)(Walls, J.)(stating that no cumulative error occurred when the trial was fair and verdict supported by sufficient evidence); <u>Pursell v. Horn</u>, 187 F. Supp.2d 260, 374 (W.D. Pa. 2002)("That the reliability of a state criminal trial can be substantially undermined by a series of events, none of which individually amounts to a constitutional violation, is an idea that has been accepted by nearly every federal court to have addressed the issue.").

This Court finds that Petitioner has not demonstrated the presence of aggregate trial errors which rendered his trial unfair. There was sufficient evidence produced at the trial by the state witnesses that supported the verdicts rendered by the jury.  Therefore, this ground for habeas corpus relief will be denied.

Petitioner has not demonstrated that the actions of the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  As such, all grounds related to trial court error will be denied.

B.   Claims Regarding Ineffective Assistance of Counsel (Grounds 3, 4, 5, 9)

Petitioner argues ineffectiveness of counsel at both the trial and appellate levels.

The Counsel Clause of the Sixth Amendment provides that a criminal defendant "shall enjoy the right ... to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  The right to counsel is "the right to _effective_ assistance of counsel."  McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970) (emphasis added).

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show both that his counsel's performance fell below an objective standard of reasonable professional assistance and that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome would have been different.  Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).  A "reasonable probability" is "a probability sufficient

12

to undermine confidence in the outcome." Strickland at 694. Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

The performance and prejudice prongs of Strickland may be addressed in either order, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." Id. at 697.

There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. As a general matter, strategic choices made by counsel after a thorough investigation of the facts and law are "virtually unchallengeable," though strategic choices "made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Id. at 690-91. If counsel has been deficient in any way, however, the habeas court must determine whether the cumulative effect of counsel's errors prejudiced the defendant within the meaning of Strickland. See Berryman v. Morton, 100 F.3d 1089, 1101-02 (3d Cir. 1996).

13

The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment guarantees a defendant the effective assistance of counsel on a first direct appeal as of right. Evitts v. Lucey, 469 U.S. 387 (1985).  The Strickland standard for effective assistance of counsel applies to appellate counsel. See Lewis v. Johnson, 359 F.3d 646, 656 (3d Cir. 2004). Appellate counsel does not have a duty to advance every nonfrivolous argument that could be made, see Jones v. Barnes, 463 U.S. 745, 754 (1983), but a petitioner may establish that appellate counsel was constitutionally ineffective "if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker," Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994).

Petitioner crafts his point 3 as an apparent claim for ineffective assistance of both trial and appellate counsel.  The substance of his petition, however, discusses the underlying claim that it was a violation of his constitutional rights for the prosecutor to cross-examine one of the defense experts using the report of a different defense expert who did not appear at trial.

The Appellate Division noted that the issue could have been, but was not, raised on direct appeal, and addressed whether or not appellate counsel was ineffective by examining first the underlying claim.  The court held that, while it was error to

14

allow the prosecutor to cross-examine a witness using the report of another witness, that error was harmless and did not reasonably contribute to the conviction nor was appellate counsel's failure to raise the issue considered to be ineffective assistance of counsel.  (See Answer, Ex. Ra23, Opinion of Appellate Division at 19-23 (December 16, 2009)).

In his point 4, also discussed above, in addition to asserting that the trial court erred by not including a jury charge regarding passion/provocation as a lesser included offense, petitioner appears to also be claiming ineffective assistance of counsel because trial counsel did not raise the issue.  In his point 5, Petitioner states that forced to surrender his Fifth Amendment rights when he was advised by counsel to consent to examination by State expert Dr. Atkins or the defense of diminished capacity would not be available to him. In his point 9, Petitioner claims ineffective assistance of counsel due to certain testimony given by a state expert.

As to these remaining points raised by Petitioner in regard to ineffective assistance of counsel, the Appellate Division noted that "defendant's arguments were adequately and correctly addressed by the PCR judge and are without sufficient merit to warrant our further discussing them in this opinion."  (Answer, Ex. Ra23, Opinion of Appellate Division at 19-23 (December 16, 2009)).

15

In this case, the state courts examined and rejected Petitioner's numerous ineffective assistance of counsel claims. A review of the state court record reflects that Petitioner was not denied effective assistance of counsel. Since Petitioner's claims on this issue are without merit, all claims regarding ineffective assistance of counsel will be denied.

C.   Petitioner's Motions Are Moot

Petitioner filed a Motion for Injunctive Relief (Docket entry no. 21) and a Motion for Discovery (Docket entry no. 22) on September 13, 2011, a Motion for Extension of Time to respond (Docket entry no. 23) on October 6, 2011, and a Motion to Post Surety (Docket entry no. 25) on December 23, 2011.

First, the Motion for Injunctive Relief, which seeks release from custody, is based on the claims raised in the instant petition. Petitioner's motion adds no information that would serve to change this Court's determination of the issues. As his petition will be denied, the motion is rendered moot.

Second, the motion for discovery is rendered moot because this Court will deny the habeas Petition for lack of merit. In his motion, Salesky requests a copy of Respondents' response to the petition, receipt of which is evidenced by his traverse filed October 31, 2011. Petitioner also requests copies of alleged requests for release filed with the Burlington County Prosecutors office by members of Salesky's family. Those documents are not

16

pertinent to this Court's assessment of the claims raised in the petition.

Third, Salesky's motion for extension of time to file his traverse is rendered moot by his response to the answer filed on October 31, 2011.

Finally, the Motion to Post Surity is rendered moot by this Court's opinion herein.

Therefore, Petitioner's motions (Docket entry nos. 21, 22, 23, and 25) will be denied.

IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. No certificate of appealability shall issue.

17

V. CONCLUSION

For the reasons set forth above, the Petition must be denied. All pending motions for relief, namely Docket entry nos. 21, 22, 23, and 25, will be denied. An appropriate order follows.

                                            **s/ Jerome B. Simandle**
                                            Jerome B. Simandle
                                            Chief Judge
                                            United States District Court

Dated: **March 27, 2012**