**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

LEONARD SALESKY,                :
                                :  Civil Action No. 10-4806 (JBS)
          Petitioner,           :
                                :
     v.                         :  **OPINION**
                                :
KAREN BALICKI, et al.,          :
                                :
          Respondents.          :

**APPEARANCES**:

Petitioner <u>pro se</u>              Counsel for Respondents
Leonard Salesky                  Jennifer L. Bentzel
719571A 522641                   Office of the Prosecutor
S.W.S.P                          County of Burlington
215 South Burlington Road        49 Rancocas Road
Bridgeton, NJ  08302             P.O. Box 6000
                                 Mount Holly, NJ 08060-6000

**SIMANDLE**, Chief Judge

    Pending before this Court is a Motion for Reconsideration (docket entry 29) filed by Petitioner on April 12, 2012.

    Respondents have not filed opposition to the motion.  The motions are decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, the motion will be denied, and the Clerk will be directed to close the file.

              I.  BACKGROUND

    On or about September 14, 2010, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254

alleging several grounds for relief.  Respondents filed an answer to the petition, Petitioner filed numerous motions, and on March 27, 2012, this Court denied the petition (docket entries 27, 28) and closed the case file.

On April 11, 2012, Petitioner filed a one page "Notice of Motion to reconsider denial of habeas corpus and to reopen file" (docket entry 29) stating that his papers in support of the motion would be forthcoming.  On April 24, 2012, Petitioner filed a Notice of Appeal (docket entry 30) to the United States Court of Appeals for the Third Circuit (their docket no. 12-2166) for a Certificate of Appealability.[1]  On May 25, 2012, Petitioner filed here, in lieu of a brief in support of his motion here, a copy of the memorandum filed with the Third Circuit.[2]

## II.  ANALYSIS

In his motion, Petitioner states that his motion "restricts itself to ground one" of the Petition.  In ground one of the Petition, Petitioner argued that "THE JURY CHARGE FOR DIMINISHED CAPACITY PLACED AN UNCONSTITUTIONAL BURDEN OF PERSUASION ON THE

---

[1] The matter pending within the Third Circuit is stayed pending disposition of the motion currently before this Court.

[2] Pursuant to Local Civil Rule 7.1(i), a motion for reconsideration is to be filed within 14 days after the entry of the order being challenged.  Further, the brief setting forth the arguments for the motion is to be submitted with the Notice of Motion.  While Petitioner's Notice of Motion was dated for filing by Petitioner on April 7, 2012, the letter enclosing his brief was not dated for filing by Petitioner until May 21, 2012.

PETITIONER IN VIOLATION OF THE 5TH AND 14TH AMENDMENT DUE PROCESS CLAUSES."

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  See United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court for matters "which [it] believes the Judge . . . has overlooked" when it ruled on the motion.  See L. Civ. R. 7.1(i); see also NL Indus., Inc. v. Commercial Union Ins., 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  See Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L. Civ. R. 7.1(i).  "The word

'overlooked' is the operative term in the Rule." Bowers v. Nat'l Collegiate Athletics Ass'n, 130 F. Supp.2d 610, 612; see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. See Bowers, 130 F. Supp.2d at 613. Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l v. Greate Bay Hotel & Casino, Inc., 830 F. Supp. 826, 831 n.3 (D.N.J. 1992). A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., No. 89-1298, 1989 WL 205724, at *3 (D.N.J. Oct. 6, 1989).

Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. See Bowers, 130 F.

4

Supp.2d at 612; see also NL Industries, Inc., 935 F. Supp. at 513 ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998) (citation omitted).

 Here, this Court has reviewed Petitioner's motion for reconsideration, and finds that the arguments presented by Petitioner appear to be an attempt to re-litigate legal issues previously raised by Petitioner in ground one of his habeas petition. Petitioner asks the Court to reconsider its ruling regarding ground one by raising issues regarding the preponderance of evidence burden as stated in the jury instructions at trial. However, this appears to be an attempt to re-litigate this particular ground of the petition, which was previously examined and considered by this Court in its Opinion. This Court finds in its application of law or legal conclusions made in the March 2012 Opinion to warrant reconsideration.

 Petitioner does not point to any "new" or "overlooked" factual or legal issues that may alter the disposition of the matter, as required in a motion for reconsideration. This Court finds that Petitioner fails to present any new facts or evidence,

or even "overlooked" facts or legal issues, to satisfy the threshold for granting reconsideration.  Ground one was already determined by this Court to be meritless when habeas relief was denied, and nothing Petitioner asserts would alter this Court's disposition on the issues raised in ground one of the petition.

Further, Petitioner has not presented the Court with changes in controlling law, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice in this instance.  He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.  Accordingly, Petitioner's only recourse should be via the normal appellate process.  In fact, he has already sought relief in that venue.

### III.  CONCLUSION

Therefore, for the reasons expressed above, Petitioner's motion is denied for lack of merit.  An appropriate Order follows.

 **s/ Jerome B. Simandle**
Jerome B. Simandle
Chief Judge
United States District Court

Dated:  **August 30, 2012**